UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22826-ALTMAN

**ANTHONY DEMITRO**,

    *Plaintiff*,

v.

**PAM BONDI** *and*
**STACY HAYNES**,

    *Defendants*.
_____/

## **ORDER**

Our Plaintiff, Anthony Demitro, "spent 2 years in Florida prisons" until a state court granted his postconviction motion and awarded him extra jail credits—which ultimately led to his release. Petition [ECF No. 1] at 5. Seeking redress for this "illegal sentence," Demitro requests monetary damages under 42 U.S.C. § 1983 from the former Attorney General of Florida, Pam Bondi, and a quondam employee of the Miami-Dade Department of Corrections, Stacy Haynes—both of whom (he says) "intentionally" and "falsely" imprisoned him. *See id.* at 6 (alleging that the Defendants were "reckless/callous indifference to my rights from the evil motive of the State to violate my rights, illegally sentence" (errors in original)). Because we find that Demitro was imprisoned pursuant to a (presumptively) lawful state-court judgment, the Defendants cannot be liable for "falsely" imprisoning him.

## **THE LAW**

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a

prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Of course, we have an obligation to construe *pro se* pleadings liberally. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (cleaned up)).

**ANALYSIS**

Demitro asserts a hodgepodge of state and federal claims against the Defendants—including (to name a few) intentional infliction of emotional distress, false imprisonment, unreasonable seizure, cruel and unusual punishment, and negligence. *See* Petition at 6. In Demitro's view, the Defendants should have known that he was serving an "illegal sentence" because the State failed to "verify the credit time served." *Id.* at 15–16. Demitro insists that the Defendants' failure to correct this mistake is proof that they maliciously intended to keep him falsely imprisoned. *See id.* at 15 ("[The Defendants] intended to confine the Plaintiff on a 15 year illegal sentence[.]"). As proof, Demitro attaches several documents and transcripts from his state-court case. These documents show that a state-court judge granted his *pro se* postconviction motion and modified his sentence to give him additional jail credit

2

for time he'd already served. *See* State Court Exhibits [ECF No. 1-1] at 1–20. Demitro's state-court criminal docket from the Eleventh Judicial Circuit Court in and for Miami-Dade County (Case No. F10-013753) confirms that a state judge granted his motion for postconviction relief, and a review of Demitro's records from the Florida Department of Corrections indicates that he was released from custody a short time later, on August 14, 2019. *See Inmate Release Information Detail*, FLORIDA DEPARTMENT OF CORRECTIONS, https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=B10966&TypeSearch=IR (last visited July 31, 2023).[1] Still, Demitro's claims fail.

Boiled down to its essence, Demitro's Complaint alleges that the Defendants violated his "constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release[.]" *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993), *modified on other grounds*, 15 F.3d 1022 (11th Cir. 1994). The Eleventh Circuit has told us to construe this type of allegation as a false-imprisonment claim under the Due Process Clause of the Fourteenth Amendment.[2] *See Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) ("A § 1983 claim of false

---

[1] Since Demitro is relying on his state-court records to advance his claim, we take judicial notice of *both* his state-court criminal docket *and* his Department of Corrections record because, generally speaking, Federal Rule of Evidence 201 allows us to take judicial notice of records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (quoting FED. R. EVID. 201(b)). "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Ibid.* "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [the] district court." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). We'll therefore allow this Order to serve as notice of our intent to take judicial notice of the state-court docket and the Department of Corrections release information—both of which we'll attach to this Order. If Demitro objects to our decision to take judicial notice of these records, he may note that objection in a motion for reconsideration. Any such motion must be filed **within 28 days** of this Order and **may be no more than ten pages in length**. If the motion for reconsideration is late or exceeds **ten pages**, it will be stricken for non-compliance.

[2] Some other circuits (but not the Eleventh) have found that "imprisonment beyond the expiration of a prisoner's sentence violates 'the [E]ighth [A]mendment's proscription against cruel and unusual punishment.'" *McCurry v. Moore*, 242 F. Supp. 2d 1167, 1179 (N.D. Fla. 2002) (Mickle, J.) (quoting *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993)); *but see, e.g.*, *Jones v. City of Jackson*, 203 F.3d 875, 880

imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment."). To establish a claim of common-law false imprisonment, Demitro must show "an intent to confine, an act resulting in confinement, and the victim's awareness of confinement." *Ibid.* To prove a due-process violation, he must demonstrate that the Defendants "acted with deliberate indifference"—*i.e.*, that they "had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence." *Ibid.* (citing *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007)).

But we needn't address the elements of Demitro's false-imprisonment claim because the Defendants are plainly immune from suit under § 1983. It's undisputed that—before he filed his ultimately successful postconviction motion in state court—Demitro was in custody because a state court had sentenced him to a term of imprisonment. A defendant isn't falsely imprisoned when he's detained pursuant to a state court's facially valid judgment and sentencing order. *See, e.g.*, *Card v. Miami-Dade Cnty., Fla.*, 147 F. Supp. 2d 1334, 1347 (S.D. Fla. 2001) (Jordan, J.) ("Because the County was holding Mr. Card pursuant to a facially valid court order after December 29, 1993, there was no false imprisonment[.]"); *Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1150 (M.D. Ala. 2005) (DeMent, J.) ("Moreover, there is no evidence that the BOPP Defendants obtained information casting doubt on the validity of the underlying judgment of conviction which should have prompted them to investigate or rectify the situation."); *cf. Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("[F]alse imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process[.]"). When a person is detained pursuant to a duly issued court order, in other words, "law enforcement personnel, acting in furtherance of their official duties and relying on a facially valid

---

(5th Cir. 2000) (rejecting Eighth Amendment false-imprisonment claim because the plaintiff was "complaining about the fact of his incarceration rather than its conditions"). Whether Demitro's claims are cognizable under the Eighth Amendment, however, is ultimately irrelevant to our decision because "both claims [an Eighth Amendment claim and a Fourteenth Amendment claim] require a finding of subjective culpability[.]" *McCurry*, 242 F. Supp. 2d at 1180.

court order, are entitled to absolute quasi-judicial immunity from suit in a section 1983 action." *Roland v. Phillips*, 19 F.3d 552, 556 (11th Cir. 1994).

Still resisting, Demitro says that the Defendants *should have known* that his sentence was illegal (and, therefore, *should be* liable for his illegal detention). *See* Complaint at 15 ("Pam Bondi is negligent in failure [sic] to use reasonable care in making sure the sentence was not in violation of the Constitution[.]"); *id.* at 16 ("Stacy Haynes failed to make sure the sentence was not illegal."). But that's not the law. It was the sentencing court, not the Defendants, who imposed the allegedly "illegal sentence." The Defendants are thus immune from suit because they weren't authorized to second-guess or overrule the sentencing court's award of jail credits, even if they suspected that the sentencing court had erred.[3] *See Roland*, 19 F.3d at 556 ("An erroneous order can be valid. Law enforcement officials 'must not be called upon to answer for the legality of decisions which they are powerless to control' or 'be required to act as pseudo-appellate courts scrutinizing the orders of judges.'" (quoting *Valdez v. Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989))). A defendant doesn't violate the Constitution, in sum, if he or she dutifully obeys a court's order that authorizes the plaintiff's imprisonment—even if that order, it later turns out, imposes an illegal sentence.[4]

The Defendants are thus immune from suit under § 1983 because they were complying with a facially valid criminal judgment. And Demitro cannot sustain a lawsuit against defendants who are

---

[3] To the extent Demitro is suggesting that Defendant Bondi *knew* his sentence was illegal when the state court first imposed it—and that she violated his constitutional rights by refusing to dissuade the sentencing court from imposing that sentence—a prosecutor is absolutely immune from actions she undertakes "while performing [her] function as an advocate for the government," even if those actions are premised on intentional falsehoods. *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1279–80 (11th Cir. 2002).

[4] Demitro *may*, however, still be able to bring a suit in state court under state law for this false imprisonment. *See Lee v. Dugger*, 902 F.2d 822, 824 n.3 (11th Cir. 1990) (Tjoflat, C.J., concurring) ("Lee may well have a state tort claim for false imprisonment. . . . Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *cf.* Victims of Wrongful Incarceration Compensation Act, FLA. STAT. §§ 961.01–.07 (providing a state law cause of action for "wrongfully incarcerated persons"). Of course, we express no opinion on the viability of any state-law claim.

immune. *See* 28 U.S.C. § 1915A(b)(2) (requiring dismissal of a complaint if it "seeks monetary relief from a defendant who is immune from such relief"). Moreover, because the Defendants are immune from this lawsuit, any future amendments by Demitro would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment . . . where amendment would be futile.").

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED** for failure to state a claim. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on August 1, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Anthony Demitro, *pro se*